The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Theresa B. Stephenson along with the brief and argument by defendant. Plaintiff did not appear before the Full Commission. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission affirms the Deputy Commissioner's decision with the deletion of Finding of Fact (9), and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 27 January 1998 as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 28 February 1997, an employment relationship existed between plaintiff-employee and defendant-employer.
3. On 28 February 1997 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
4. On 28 February 1997, Crawford Company was the carrier on risk.
5. Plaintiff's average weekly wage on 28 February 1997 was $132.38, yielding a compensation rate of $88.25 per week.
6. The Industrial Commission Forms regarding this claim are admitted into evidence as Stipulated Exhibit #1.
7. Plaintiff's medical records regarding this claim are admitted into evidence as Stipulated Exhibit #2.
8. The issues to be determined by this hearing are whether plaintiff's current problems are related to her 28 February 1997 compensable injury, and, if so, what, if any, benefits is she entitled.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. On 28 February 1997 plaintiff was a 33 year old female employed by Hardee's in Wallace, which is owned and operated by defendant-employer. Plaintiff's duties included food preparation and food service.
2. On 28 February 1997 plaintiff sustained a compensable injury to her back when she fell on a wet floor while walking into the cooler. Plaintiff's feet slid out from under her and she struck her back on the edge of the metal cooler.
3. Plaintiff immediately reported her injury to defendant-employer and received treatment at Rose Hill Medical Center from Dr. Kristine Lewis that same day. As a result of her compensable fall plaintiff received a bruise in a band formation across the lower thoracic region of her back. Plaintiff additionally experienced severe pain just above the iliac crest. Plaintiff received a shot of Toradol and the doctor placed plaintiff on Motrin and Skelaxin around the clock, and Darvocet for severe pain.
4. As a result of her compensable fall plaintiff was unable to work or earn wages 1 March 1997 through 9 March 1997. Plaintiff received temporary total disability for the 8th and 9th of March 1997 due to the seven-day waiting period. Plaintiff returned to work on 10 March 1997 at the same or greater wages than she had earned prior to 28 February 1997.
5. Plaintiff continued to work for defendant-employer until 13 June 1997. At that time plaintiff voluntarily terminated her employment after purchasing a children's clothing store.
6. At plaintiff's visit to Rose Hill Medical Center on 4 March 1997, Dr. Lewis released plaintiff to return on an as needed basis.
7. During April plaintiff's back did not bother her a great deal. However, during the last of May, plaintiff began experiencing sharp knife-like pain in her lower back.
8. Plaintiff opened her children's clothing store the middle of June 1997. While plaintiff did hang some clothes, a friend of plaintiff did all of the heavy, manual labor required to get the store ready for opening.
9. After continued worsening of back pain, the defendant-carrier approved for plaintiff to seek treatment from Rose Hill Medical Center at plaintiff's request. On 15 July 1997, plaintiff's treating physician, Dr. Kristen Lewis, referred plaintiff to Coastal Orthopaedics. Defendants refused to approve this.
10. Plaintiff has not received any medical care for her back pain since 15 July 1997. The plaintiff was unable financially to pay for a follow-up orthopedic visit.
11. At the time of hearing, plaintiff was self-employed with her children's clothing shop. Her gross sales average was $1,500.00 a month, but she only brings home after expenses approximately $500.00 per month. Plaintiff is able to keep working because her self-employment allows her to stand or sit as needed.
12. Plaintiff still has back pain and is in need of further medical treatment. The greater weight of the evidence is that plaintiff's back pain from May 1997 and continuing is causally related to her 28 February 1997 compensable injury.
13. Plaintiff requests no further temporary total disability or temporary partial disability. Plaintiff only requests medical treatment.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 28 February 1997, plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. The greater weight of the evidence is that plaintiff's current back problems are causally related to her compensable back injury on 28 February 1997. Id.
3. Plaintiff is entitled to have defendant provide all medical treatment arising from this injury by accident to the extent it tends to effect a cure, give relief or lessen plaintiff's disability. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay all medical expenses incurred by plaintiff as a result of her compensable injury on 28 February 1997.
2. Defendant shall pay the costs.
 ***********
The Full Commission enters the following:
 ORDER
Plaintiff is in need of further medical treatment as a result of her compensable injury to her back on 28 February 1997. Defendant is hereby ORDERED to schedule an appointment with Coastal Orthopaedics, the original referral by plaintiff's treating physician, for further treatment and/or a permanent partial disability rating, within thirty (30) days of the filing of this Opinion and Award. The costs of such examination shall be borne by defendant.
 S/ _______________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER